1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK DANIEL ROLLINS, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY CORRECTIONAL FACILITY, CORRECTIONS OFFICER PAPP, SGT. HARDGROVE, and CORRECTIONS OFFICER SHAVIRI, <br><br> Defendants. | No. C10-5438 RBL/KLS <br><br> REPORT AND RECOMMENDATION <br> **Noted For:  November 26, 2010** |

Before the court is the Motion to Dismiss of Defendants Pierce County Correctional

Facility, Sgt. Hardgrove, and Corrections Officer Shaviri pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant Corrections Officer Papp does not join in the motion, but reserves the right to file an

answer following the court's ruling on this motion.  ECF No. 19.   Plaintiff Mark Daniel Rollins

filed a response.  ECF No. 20.   Having carefully reviewed the motion, Plaintiff's opposition,

balance of the record, and resolving all doubts in Plaintiff's favor, the court recommends that

Defendants' motion to dismiss be granted as to the Pierce County Correctional Facility, and that

Plaintiff be given an opportunity to file an amended complaint to cure the deficiencies noted

herein as to his claims against Sgt. Hardgrove and Corrections Officer Shaviri.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff sued the Pierce County Correctional Facility and Officer Papp, Sgt. Hardgrove, and Correctional Officer Shaviri, employees of the Pierce County Jail.  ECF No. 7, pp. 2-3. Plaintiff alleges that on February 19, 2010, while he was a pre-trial detainee at the Pierce County Jail, Officer Papp assaulted him by slamming his face into a wall.  *Id.*, p. 3.  Plaintiff alleges that he suffered a broken nose and is now permanently disfigured and has breathing complications. *Id.*

Plaintiff further alleges that Defendants Hardgrove and Correctional Officer Shaviri "tride [sic] covering it up."  *Id.*

**STANDARD OF REVIEW**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

REPORT AND RECOMMENDATION - 2

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice.  *Id*., quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, *Smith v. Pacific Properties and Development Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

### DISCUSSION

**A.    Stating a Claim Under Section 1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Implicit in the second element is a third element of causation.  *See Mt. Healthy City School Dist. v. Doyle*, 429

REPORT AND RECOMMENDATION - 3

U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

**(1)      Pierce County Correctional Facility**

The "Pierce County Corr. Facility," is named as a defendant in the Complaint, but no factual allegations are made relating to this entity.  ECF No. 7, p. 1.  In addition, the correctional facility is not a proper party to this civil rights action.

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law.  The language of § 1983 is expansive and does not expressly incorporate common law immunities.

REPORT AND RECOMMENDATION - 4

1   *Owen v. City of Independence, Mo.*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

2   Municipalities are subject to suit under § 1983.  *Monell v. New York City Dept. of Social*

3   *Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "[i]n order to

4   bring an appropriate action challenging the actions, policies or customs of a local governmental

5   unit, a plaintiff must name the county or city itself as a party to the action, and not the particular

6   municipal department or facility where the alleged violation occurred.  *See Nolan v. Snohomish*

7   *County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)."  *Bradford v. City of Seattle*, 557

8   F.Supp.2d 1189, 1207 (W.D.Wash.2008) (holding that the Seattle Police Department is not a

9   legal entity capable of being sued under § 1983).

10       The Pierce County Correctional Facility is a local governmental unit that is not a legal

11   entity capable of being sued.  *See Bradford*, 557 F. Supp.2d at 1207.  In addition, Plaintiff has

12   not alleged any facts from which it may be inferred that his alleged injury was the result of a

13   policy or custom of the Pierce County Correctional Facility.  He has not alleged that the

14   Correctional Facility's employees or agents acted through an official custom, pattern or policy

15   that permits deliberate indifference to, or violates, his civil rights; or that the Pierce County

16   Correctional Facility ratified the unlawful conduct.  See *Monell v. Department of Social Servs.*,

17   436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir.1991).

18   Municipal liability would not attach for acts of negligence by employees of the jail or for an

19   unconstitutional act by a non policy-making employee.  *Davis v. City of Ellensburg*, 869 F.2d

20   1230, 1234-35 (9th Cir.1989).  Evidence of mistakes by adequately trained personnel or the

21   occurrence of a single incident of unconstitutional action by a non policy-making employee is

22   not sufficient to show the existence of an unconstitutional custom or policy.  *Thompson v. City of*

23   *Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989).

REPORT AND RECOMMENDATION - 5

Based on the foregoing, the undersigned recommends that the Pierce County Correctional City be dismissed from this action because it is not a proper party.

### (2)     Defendants Hardgrove and Shaviri

As to Defendants Hardgrove and Shaviri, Plaintiff alleges only that they tried to "cover up" Defendant Papp's conduct.  Viewing these allegations in the light most favorable to Plaintiff, the undersigned concludes that Plaintiff's claims against Defendants Hardgrove and Shaviri are deficient because he has failed to provide factual allegations from which it may be inferred that either of these defendants violated his constitutional rights.  As noted above, however, leave to amend should be granted if it is possible to cure the complaint with additional facts.

Plaintiff is advised, however, that defendants in a 42 U.S.C. § 1983 action cannot be held liable solely on the basis of supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983.  *Johnson*, 588 F.2d at 743-44.  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1984).

Accordingly, the undersigned recommends that Plaintiff be given an opportunity to amend his complaint to include factually specific allegations setting out his claims against Defendants Hardgrove and Shaviri.  Plaintiff should include names, dates and the circumstances surrounding his claims against these individuals and shall state what constitutional right was

REPORT AND RECOMMENDATION - 6

allegedly infringed and how each of these Defendants caused him harm by violating that constitutional right.

The undersigned further recommends that all discovery in this case be stayed pending resolution of Plaintiff's pleadings as the parties should not face the burden and expense of propounding and responding to discovery related to claims that may not survive the pleading state. *See, e.g., DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984) (court may relieve a party of the burdens of discovery while a dispositive motion is pending).

Based on the foregoing, the undersigned recommends as follows:

(1)     Defendants' motion to dismiss (ECF No. 19) be **GRANTED** as to Plaintiff's claims against the Pierce County Correctional Facility.

(2)     Defendants' motion to dismiss (ECF No. 19) be **DENIED** as to Plaintiff's claims against Defendants Hardgrove and Shaviri; that Plaintiff be given an opportunity to amend his complaint to allege facts relating to these Defendants only;[1] and, that matter be re-referred to the undersigned.

(3)     All discovery in this matter be **STAYED** pending further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

---

[1] Plaintiff's claims against Defendant Papp are not affected by this recommendation.

REPORT AND RECOMMENDATION - 7

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

**November 26, 2010**, as noted in the caption.


DATED this  8th  day of November, 2010.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8