1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

MARK DANIEL ROLLINS,

10

Plaintiff,

11

v.

12

PIERCE COUNTY CORRECTIONAL
FACILITY, CORRECTIONS OFFICER

13

PAPP, SGT. HARDGROVE, and
CORRECTIONS OFFICER SHAVIRI,

14

15

Defendants.

NO. C10-5438 RBL/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND AS MOOT

16      Before the court is Plaintiff's "Motion to Amend."  ECF No. 31.  For the reasons

17  stated below, the court finds that the motion should be denied as moot.  Plaintiff was directed

18  to file an amended complaint on or before December 26, 2010.  ECF No. 29.

19                                  **BACKGROUND**

20

21      Plaintiff sued the Pierce County Correctional Facility and Officer Papp, Sgt.

22  Hardgrove, and Correctional Officer Shaviri, employees of the Pierce County Jail.  ECF No.

23  7, pp. 2-3.  Plaintiff alleges that on February 19, 2010, while he was a pre-trial detainee at the

24  Pierce County Jail, Officer Papp assaulted him by slamming his face into a wall.  *Id.*, p. 3.

25  Plaintiff alleges that he suffered a broken nose and is now permanently disfigured and has

26

breathing complications.  *Id.*  Plaintiff further alleges that Defendants Hardgrove and

Correctional Officer Shaviri "tride [sic] covering it up." *Id.*

On November 26, 2010, Defendants' motion to dismiss Plaintiff's claims against

Defendant Pierce County Correctional Facility was granted.  ECF No. 29.  Defendants motion

to dismiss Plaintiff's claims against Defendants Hardgrove and Shaviri was denied and

Plaintiff was granted leave to file an amended complaint on or before December 26, 2010 to

allege facts relating to Defendants Hardgrove and Shaviri only.  *Id.*

On December 16, 2010, Plaintiff filed a "Motion to Amend" requesting leave to

amend his complaint against Defendants Hardgrove and Shaviri.  ECF No. 31.

## DISCUSSION

Plaintiff has not submitted an amended complaint as directed.  An amended complaint

supersedes the original in its entirety, making the original as if it never existed.  The

allegations contained in Plaintiff's motion to amend are not sufficient to properly plead an

amended complaint to include all of his factual and legal allegations, including those stated in

his original complaint.

Federal Rule of Civil Procedure Rule 8(a) requires that a complaint contain a "short

and plain statement" sufficient to put the opposing party on notice of the claims against which

it must defend.  Fed. R. Civ. P. Rule 8(a).  Specifically, Rule 8(a) states:

> [a] pleading which sets forth a claim for relief ... shall contain (1) a short and
> plain statement of the grounds upon which the court's jurisdiction depends ... (2)
> a short and plain statement of the claim showing that the pleader is entitled to
> relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in
> the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  Additionally, each allegation in a pleading "must be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(2).

1    In order to satisfy the standards for federal pleadings, Plaintiff's complaint must

2    include factual allegations of the circumstances and events that support each claim he is

3    asserting against Defendants Hardgrove and Shaviri.  Rule 8 does not require a heightened

4    level of pleading for most claims; but each claim must be supported by facts that, if proven to

5    be true, would satisfy the elements of each claim raised in the Complaint.

6

7    Plaintiff is further advised that an amended complaint operates as a <u>complete</u> substitute

8    for (rather than a mere supplement to) the present complaint.   In other words, an amended

9    complaint supersedes the original in its entirety, making the original as if it never existed.

10   Therefore, reference to another document is not an acceptable amendment.  Plaintiff must

11   include all of his factual allegations, legal claims, and requests for relief in his amended

12   complaint.

13    Accordingly, Plaintiff's Motion to Amend (ECF No. 31) is **DENIED as moot**.

14   Plaintiff was given leave to file an amended complaint on or before December 26, 2010.  The

15   court will extend that deadline until **January 28, 2011.**  If Plaintiff has not filed an amended

16   complaint by that time, the court will recommend dismissal of this lawsuit as frivolous.  The

17   Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

18

19    **DATED** this  11th  day of January, 2011.

20

21

22   Karen L. Strombom
     United States Magistrate Judge

23

24

25

26