UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK DANIEL ROLLINS,

                    Plaintiff,

    v.

PIERCE COUNTY CORRECTIONAL FACILITY, CORRECTIONS OFFICER PAPP, SGT. HARGROVE, and CORRECTIONS OFFICER SHAVIRI,

                    Defendants.

No. C10-5438 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: February 24, 2012**

This civil rights action has been referred to the Honorable Karen L. Strombom pursuant to 28 U.S.C. § 636 (b) and Local Rules MJR 3 and 4. Before the Court is the motion of Defendant Officer Papp pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule CR 41(b)(2). ECF No. 39. In the alternative, Defendant Papp moves for the modification of the case schedule to permit the filing of summary judgment motions. *Id.* In response, Plaintiff Mark Rollins has filed a motion for an extension of the parties' joint status report deadline. ECF No. 43.

Having considered the motions and balance of the record, the undersigned recommends that Defendant's motion be denied and that this matter be re-referred to the undersigned for entry of a revised pretrial scheduling order.

**BACKGROUND**

On June 22, 2010, Plaintiff Mark Rollins filed his complaint alleging various constitutional violations against Defendants Pierce County Correctional Facility, Corrections

REPORT AND RECOMMENDATION - 1

Officer Papp and Shaviri, and Sgt. Hardgrove. ECF No. 7. On November 26, 2010, this Court dismissed all matters against Pierce County Correctional Facility and Officers Shaviri and Hardgrove. ECF No. 29 at 1-2. The Court received returned mail addressed to Plaintiff. *Id.* at 1; ECF No. 28 at 1.

On March 17, 2011, the Court entered a Scheduling Order pursuant to which all discovery was to be completed by September 9, 2011, dispositive motions were due by November 11, 2011, and the parties' joint status report was due by January 6, 2012. ECF No. 37. In July of 2011, a records check at DOC revealed that Plaintiff was no longer in custody. ECF No. 41 (Declaration of Christina Smith) at 1.

From the time the Court entered its Scheduling Order (on March 17, 2011) until Plaintiff filed his request for an extension of the joint status report deadline (December 13, 2011), Plaintiff had not filed any form of discovery, had not filed or notified Defendants of a change of address, or otherwise appeared in this case. ECF No. 37; ECF No. 40 (Declaration of Michelle Luna-Green) at 1, ¶2.

In his motion, Plaintiff seeks an extension of the parties' deadline to submit a joint status report, the deadline for which was set for January 5, 2012. ECF No. 43. He also asks that Defendants' motion to dismiss be denied.

**DISCUSSION**

Rule 41 (b) of the Federal Rules of Civil Procedure provides:

If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as adjudication on the merits.

REPORT AND RECOMMENDATION - 2

Local Court Rule 41(b)(2) further provides that pro se parties "shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute."

In this case, more than five months elapsed since Plaintiff was released from prison. After entry of the Scheduling Order, Plaintiff filed no requests for discovery and filed nothing with the Court. Under these circumstances, therefore, Defendants argue that dismissal under Local Rule 41(b)(2) is warranted. ECF No. 39. They also argue that dismissal is appropriate as Plaintiff has made no serious attempt to litigate this case. *Id.* Alternatively, they argue that if the Court allows the case to go forward, they should be given the opportunity to bring a summary judgment motion. *Id.* at 4-5.

Dismissal of this case is certainly appropriate as Plaintiff has made no serious attempts to litigate his case. However, because he is proceeding pro se and because he was released from prison in the interim, *albeit* that release occurred several months ago, the Court is inclined to err on the side of caution. In addition, Defendants have suffered no prejudice in the delay as Plaintiff has engaged in no discovery or motions practice.

Accordingly, the undersigned recommends that Defendants' motion to dismiss be denied and that this matter be re-referred to the undersigned so that this case may proceed under a modified scheduling order to allow the filing of dispositive motions and the parties' joint status report.

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

For the reasons stated above, the undersigned concludes that Defendant Papp's motion to dismiss (ECF No. 39) be **Denied; and that this matter be re-referred to the undersigned for modification of the case schedule deadlines for dispositive motions and joint status report.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 24, 2012**, as noted in the caption.

**DATED** this   27th   day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4