UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK DANIEL ROLLINS,

                              Plaintiff,

        v.

PIERCE COUNTY CORRECTIONAL
FACILITY, CORRECTIONS OFFICER
PAPP, SGT. HARDGROVE, and
CORRECTIONS OFFICER SHAVIRI,

                              Defendants.

No. C10-5438 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  June 22, 2012**

This civil rights action has been referred to the undersigned United States Magistrate

Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the Court's latest mailings to Plaintiff were

returned and the Court does not have a current address for the Plaintiff.  Therefore, the

undersigned recommends that the Court dismiss this action as Plaintiff appears to have

abandoned his case.

**DISCUSSION**

On June 22, 2010, Plaintiff Mark Rollins filed his complaint alleging various

constitutional violations against Defendants Pierce County Correctional Facility, Corrections

Officer Papp and Shaviri, and Sgt. Hardgrove. ECF No. 7. This case is proceeding on Plaintiff's

claims against Defendant Papp only. *See* ECF No. 29, at 1-2.  An Amended Scheduling Order

was entered on March 27, 2012.  ECF No. 48.

REPORT AND RECOMMENDATION - 1

On December 13, 2011, Plaintiff filed a Notice of Change of Address, reflecting an address of 20406 Little Bear Creek Road No. 18, Woodinville, Washington. ECF No. 43. The Court was recently advised that this is the address of Plaintiff's ex-girlfriend, that Plaintiff is not allowed to live at this address, and that a no-contact order prohibits Plaintiff from contacting his ex-girlfriend or returning to this address. As of March 29, 2012, Plaintiff was in the Snohomish County Jail, but was due to be released on or about April 2, 2012. Plaintiff's community custody officer, Louis Mahre, did not have a current address for Plaintiff or know if Plaintiff will have an address after his release.

On March 29, 2012, the Court directed Plaintiff to provide his current address within fourteen (14) days. Copies of the Order were sent to Plaintiff at the Snohomish County Jail and in care of Louis Mahre. ECF No. 49, at 2. The copy sent to Plaintiff at the Snohomish County jail was returned to the Court, marked "Return to Sender, Released." ECF No. 50.

Plaintiff has previously been advised of his obligation to keep this Court advised of his current address. *See* ECF No. 45, at 3. Rule 41(b)(2) of the Local Rules provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41, Local Rules W.D. Wash.

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

REPORT AND RECOMMENDATION - 2

**CONCLUSION**

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 22, 2012**, as noted in the caption.

**DATED** this  6th  day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3